## No. 13,464.

### COMSTOCK, EXECUTRIX *v.* OLNEY SPRINGS DRAINAGE DISTRICT.
(50 P. [2d] 531)

Decided October 7, 1935.

Mr. JOHN B. BARNARD, Mr. C. FRED BARNARD, for plaintiff in error.

Mr. HARRY E. MAST, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, the Olney Springs Drainage District, is a public corporation organized under chapter 36, C. L. 1921 of Colorado, relating to drainage districts. This district embraces a number of sections of land situate in Crowley county, Colorado, totaling a little over two thousand acres. The board of directors of the district, in June, 1921, made findings of the increased value which would accrue to the lands of the district if the contemplated drainage thereof was made. In pursuance of the object in view, and under authority of the state statute so providing, an election by the qualified electors of the district was held in August, 1921, resulting in an authorization by them of the issue of $40,000 of bonds for the purpose of accomplishing the proposed drainage. Thereafter, as the result of the election, such a levy was made by the directors upon the lands of the district. The directors found that among other lands which would be benefitted by the creation of the proposed district were lands that belonged to the grantor of the defendant in this action, Lida Comstock, and specified the amount of such benefits. She refused to pay the assessments against her lands and for her failure to pay the same, proper proceedings were had under the statute so providing whereby county treasurer's deeds for such lands were issued to the district. The sole question for decision

here, as agreed by the respective parties and as found by the trial court, is: Do these treasurer's deeds have the effect of conveying to the plaintiff district the water rights in the Colorado Canal (the canal in question), and the certificates of water stock mentioned and described in the deeds?

In the opening brief of plaintiff in error here, counsel states what the trial court itself said, that the only question here for determination is, Do the treasurer's deeds have the effect of conveying to the plaintiff the water rights in the Colorado Canal, and the water stock described in the agreed statement of facts? The defendant, and other land owners in the district, refused to pay the assessments made by the district upon their lands and for this failure the county treasurer, proceeding under the statute applicable in such cases, proceeded to sell, and did sell, the lands. The trial court made elaborate findings, which we have hereinabove endeavored to condense. The record shows that the evidence produced upon the controverted issues sustained the trial court's findings of fact. These findings of fact justify the decree of the court. The trial court found as a fact that all the proceedings which the statute requires to be taken in such cases were observed by the drainage district. We cannot interfere with such findings, sustained as they are by competent evidence. The decree is therefore affirmed in its entirety.

MR. CHIEF JUSTICE BUTLER specially concurs.

MR. CHIEF JUSTICE BUTLER, concurring.

I concur in the affirmance of the decree.

As I read the record, it is not disputed that the proceedings required by the statute to be taken to pass title to the land were duly taken, and that the treasurer's deed is sufficient to pass title thereto. Nor is it disputed that the treasurer's deed is sufficient to pass title to the certificates of stock in Twin Lakes Reservoir Company and

Lake Meredith Reservoir Company, provided the statute conferred upon the drainage district the power to assess the water stock—a purely legal question. No disputed question of fact is before us.

Section 2188, Compiled Laws of 1921, provides: "Said bonds and the interest thereon shall be paid from an annual assessment upon the *real property* within the drainage district, and the *real property* within the drainage district shall be and remain liable to be assessed for such payments as herein provided." (Italics are mine.)

██ ██ Counsel for the plaintiff in error admit—and it is the law—that water rights for irrigation are real property. They say, however, that shares of stock are personal property. That is true of shares of stock in corporations, including irrigation corporations, organized for profit; but where the company is a mutual irrigation company, or, as here, a mutual reservoir company, organized, not for profit, but for the convenience of its members in the management of the irrigation system and in the distribution to them of water upon their lands in proportion to their respective interests, ownership of shares of stock in the corporation is but incidental to ownership of a water right, which is appurtenant to the land upon which the water is used. See *Ireton v. Idaho Irrigation Co.,* 30 Idaho, 310, 317, 164 Pac. 687, 689. In *Kendrick v. Twin Lakes Reservoir Co.,* 58 Colo. 281, 144 Pac. 884, we had occasion to pass upon the status of the capital stock of one of the companies involved here. We said: "The corporation is purely a mutual reservoir company, in which the capital stock stands for and represents the consumer's interest in the reservoir, canal *and water rights."* (Italics are mine.) The same is true of Lake Meredith Reservoir Company.

██ Moreover, a corporation may provide that the water rights represented by the stock shall be attached to the land and shall pass only with it. 3 Farnham, Water and Water Rights, p. 2001. The corporations in the present case provide that the water rights represented by

their stock shall be used only in connection with the designated land.

Considering all the pertinent provisions of chapter 36, Compiled Laws of 1921, and the purpose sought to be accomplished, it is evident that the General Assembly intended that the bonds should be secured by a lien upon irrigated land. It is inconceivable that investors would purchase the bonds if they were secured by a lien on only dry land.

My conclusion is that the statute conferred upon the drainage district the power to assess the water stock, and that the treasurer's deed conveyed, not only the land, but the water rights, including those represented by the shares of stock involved in the litigation; and that the trial court did not err in so holding.

MR. JUSTICE BOUCK, MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG concur herein.